**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NICK ANZOIL BAUSSAN,

    Petitioner,

-v-                                                                 Case No.: 6:09-cv-791-Orl-19GJK
                                                                            (6:03-cr-184-Orl-19GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner's Motion To Vacate the Prior Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) (Doc. No. 1). Petitioner seemingly alleges that the Court should alter the judgment denying his 28 U.S.C. § 2255 motion in light of *United States v. Booker*, 543 U.S. 220 (2005), and because his waiver of collateral review pursuant to his plea agreement was not voluntary.[1]

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 2651. The Eleventh Circuit Court of Appeals has determined that *Gonzalez's* "holding and rationale apply equally to § 2255 . . . ." *See United States v. Terrell,* 141 Fed. Appx. 849, 851 (11th Cir. 2005).

---

[1] To the extent Petitioner is seeking the Court to vacate his criminal conviction and sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Federal Rules of Civil Procedure do not apply to criminal cases.

Petitioner filed a § 2255 motion in case number 6:06-cv-1430-Orl-19JGG, which was dismissed with prejudice (Doc. No. 31). The claims raised in the present motion are merely an attempt to reassert claims of error as to Petitioner's federal sentence and conviction.[2] Under the circumstances, the present Rule 60(b) motion should be treated as a second or successive section 2255 motion. *See Terrell*, 141 Fed. Appx. at 851 (concluding that a Rule 60(b) motion, which asserted claims that were new substantive claims and which had not been presented in the initial § 2255 motion, was properly treated as a successive § 2255 motion).

Before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this motion will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is **ORDERED** as follows:

1. Petitioner's Motion To Vacate the Prior Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) (Doc. No. 1) is **DISMISSED** without prejudice to the right of Petitioner

---

[2] To the extent that Petitioner has raised different issues than those raised in his § 2255 motion, he still is attempting to assert claims of error in his federal conviction.

to move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the motion.

2. The **Clerk of the Court** is directed to terminate the Motion To Vacate the Prior Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) (Doc. No. 82) pending in case number 6:03-cr-184-Orl-19GJK and to file a copy of this Order in that case.       3       .

The **Clerk of the Court** is directed to close this case and to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

**DONE AND ORDERED** at Orlando, Florida this ___5th____ day of June, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

sc 6/5
Nick Anzoil Baussan

3